# EXHIBIT A

## Part 26A of the Companies Act

*Changes to legislation: There are currently no known outstanding effects for the Companies Act 2006, PART 26A. (See end of Document for details)*



# Companies Act 2006

### 2006 CHAPTER 46

### [F1PART 26A

ARRANGEMENTS AND RECONSTRUCTIONS: COMPANIES IN FINANCIAL DIFFICULTY

**Textual Amendments**

**F1**   Pt. 26A inserted (26.6.2020) by Corporate Insolvency and Governance Act 2020 (c. 12), s. 49(1), **Sch. 9 para. 1** (with ss. 2(2), 5(2))

**Modifications etc. (not altering text)**

**C1**   Pt. 26A applied (with modifications) by S.I. 2014/229, art. 2(4), **Sch. 2A** (as inserted (18.7.2020) by The Co-operative and Community Benefit Societies and Credit Unions (Arrangements, Reconstructions and Administration) (Amendment) and Consequential Amendments Order 2020 (S.I. 2020/744), arts. 1, **7(c)**, 12)

**C2**   Pts. 1-39 modified (31.12.2020) by Regulation (EC) No. 2157/2001, Art. AAA1(3) (as inserted by The European Public Limited-Liability Company (Amendment etc.) (EU Exit) Regulations 2018 (S.I. 2018/1298), regs. 1, **97** (with regs. 140-145) (as amended by S.I. 2020/523, regs. 1(2), 5(a)-(f)); 2020 c. 1, Sch. 5 para. 1(1))

**C3**   Pts. 26, 26A applied (with modifications) (E.W.) (15.3.2024) by The Water Industry (Special Administration) Regulations 2024 (S.I. 2024/205), regs. 2(2), **55-63** (with reg. 64)

*Application of this Part*

**901A   Application of this Part**

(1) The provisions of this Part apply where conditions A and B are met in relation to a company.

(2) Condition A is that the company has encountered, or is likely to encounter, financial difficulties that are affecting, or will or may affect, its ability to carry on business as a going concern.

*Changes to legislation: There are currently no known outstanding effects
for the Companies Act 2006, PART 26A. (See end of Document for details)*

(3) Condition B is that—

    (a)    a compromise or arrangement is proposed between the company and—

        (i) its creditors, or any class of them, or

        (ii) its members, or any class of them, and

    (b)    the purpose of the compromise or arrangement is to eliminate, reduce or prevent, or mitigate the effect of, any of the financial difficulties mentioned in subsection (2).

(4) In this Part—

    "arrangement" includes a reorganisation of the company's share capital by the consolidation of shares of different classes or by the division of shares into shares of different classes, or by both of those methods;

    "company"—

    (a)    in section 901J (powers of court to facilitate reconstruction or amalgamation) means a company within the meaning of this Act, and

    (b)    elsewhere in this Part means any company liable to be wound up under the Insolvency Act 1986 or the Insolvency (Northern Ireland) Order 1989 (S.I. 1989/2405 (N.I. 19)).

(5) The provisions of this Part have effect subject to Part 27 (mergers and divisions of public companies) where that Part applies (see sections 902 and 903).

---

**Modifications etc. (not altering text)**

  **C4**    Ss. 901A-901J applied (with modifications) by S.I. 2009/1804, **reg. 45A** (as inserted (26.6.2020) by The Limited Liability Partnerships (Amendment etc.) Regulations 2020 (S.I. 2020/643), reg. 1(1), **Sch. 3 para. 3** (which amending S.I. is revoked (16.2.2021) by S.I. 2021/60, reg. 1(1), **2**))

  **C5**    Ss. 901A-901J applied (with modifications) (16.2.2021) by S.I. 2009/1804, **reg. 45A** (as inserted by The Limited Liability Partnerships (Amendment etc.) Regulations 2021 (S.I. 2021/60), reg. 1(1), **Sch. 3 para. 3** (with reg. 4(2)))

---

**901B    Power to exclude companies providing financial services, etc**

(1) The Secretary of State may by regulations provide that this Part does not apply—

    (a)    where the company in respect of which a compromise or arrangement is proposed is an authorised person, or an authorised person of a specified description;

    (b)    where—

        (i) a compromise or arrangement is proposed between a company, or a company of a specified description, and any creditors of the company, and

        (ii) those creditors consist of or include creditors of a specified description.

(2) In this section—

    "authorised person" has the same meaning as in the Financial Services and Markets Act 2000 (see section 31 of that Act);

    "specified" means specified in the regulations.

(3) Regulations under this section are subject to affirmative resolution procedure.

*Companies Act 2006 (c. 46)*
*PART 26A – Arrangements and reconstructions: companies in financial difficulty*
*Document Generated: 2026-05-03*

3

***Changes to legislation:*** *There are currently no known outstanding effects*
*for the Companies Act 2006, PART 26A. (See end of Document for details)*

**Modifications etc. (not altering text)**

**C4**   Ss. 901A-901J applied (with modifications) by S.I. 2009/1804, **reg. 45A** (as inserted (26.6.2020) by The Limited Liability Partnerships (Amendment etc.) Regulations 2020 (S.I. 2020/643), reg. 1(1), **Sch. 3 para. 3** (which amending S.I. is revoked (16.2.2021) by S.I. 2021/60, reg. 1(1), **2**))

**C5**   Ss. 901A-901J applied (with modifications) (16.2.2021) by S.I. 2009/1804, **reg. 45A** (as inserted by The Limited Liability Partnerships (Amendment etc.) Regulations 2021 (S.I. 2021/60), reg. 1(1), **Sch. 3 para. 3** (with reg. 4(2)))

*Meeting of creditors or members*

### 901C    Court order for holding of meeting

(1) The court may, on an application under this subsection, order a meeting of the creditors or class of creditors, or of the members of the company or class of members (as the case may be), to be summoned in such manner as the court directs.

(2) An application under subsection (1) may be made by—
   (a)   the company,
   (b)   any creditor or member of the company,
   (c)   if the company is being wound up, the liquidator, or
   (d)   if the company is in administration, the administrator.

(3) Every creditor or member of the company whose rights are affected by the compromise or arrangement must be permitted to participate in a meeting ordered to be summoned under subsection (1).

(4) But subsection (3) does not apply in relation to a class of creditors or members of the company if, on an application under this subsection, the court is satisfied that none of the members of that class has a genuine economic interest in the company.

(5) An application under subsection (4) is to be made by the person who made the application under subsection (1) in respect of the compromise or arrangement.

(6) Section 323 (representation of corporations at meetings) applies to a meeting of creditors under this section as to a meeting of the company (references to a member of the company being read as references to a creditor).

(7) This section is subject to section 901H (moratorium debts, etc).

**Modifications etc. (not altering text)**

**C4**   Ss. 901A-901J applied (with modifications) by S.I. 2009/1804, **reg. 45A** (as inserted (26.6.2020) by The Limited Liability Partnerships (Amendment etc.) Regulations 2020 (S.I. 2020/643), reg. 1(1), **Sch. 3 para. 3** (which amending S.I. is revoked (16.2.2021) by S.I. 2021/60, reg. 1(1), **2**))

**C5**   Ss. 901A-901J applied (with modifications) (16.2.2021) by S.I. 2009/1804, **reg. 45A** (as inserted by The Limited Liability Partnerships (Amendment etc.) Regulations 2021 (S.I. 2021/60), reg. 1(1), **Sch. 3 para. 3** (with reg. 4(2)))

**C6**   S. 901C restricted (24.3.2022) by Commercial Rent (Coronavirus) Act 2022 (c. 12), **ss. 25(2)(c)**, 31(4) (with s. 30)

**901D      Statement to be circulated or made available**

(1) Where a meeting is summoned under section 901C—

(a)   every notice summoning the meeting that is sent to a creditor or member must be accompanied by a statement complying with this section, and

(b)   every notice summoning the meeting that is given by advertisement must either—

(i) include such a statement, or

(ii) state where and how creditors or members entitled to attend the meeting may obtain copies of such a statement.

(2) The statement must—

(a)   explain the effect of the compromise or arrangement, and

(b)   in particular, state—

(i) any material interests of the directors of the company (whether as directors or as members or as creditors of the company or otherwise), and

(ii) the effect on those interests of the compromise or arrangement, in so far as it is different from the effect on the like interests of other persons.

(3) Where the compromise or arrangement affects the rights of debenture holders of the company, the statement must give the like explanation as respects the trustees of any deed for securing the issue of the debentures as it is required to give as respects the company's directors.

(4) Where a notice given by advertisement states that copies of an explanatory statement can be obtained by creditors or members entitled to attend the meeting, every such creditor or member is entitled, on making application in the manner indicated by the notice, to be provided by the company with a copy of the statement free of charge.

(5) If a company makes default in complying with any requirement of this section, an offence is committed by—

(a)   the company, and

(b)   every officer of the company who is in default.

This is subject to subsection (7).

(6) For this purpose the following are treated as officers of the company—

(a)   a liquidator or administrator of the company, and

(b)   a trustee of a deed for securing the issue of debentures of the company.

(7) A person is not guilty of an offence under this section if the person shows that the default was due to the refusal of a director or trustee for debenture holders to supply the necessary particulars of the director's or (as the case may be) the trustee's interests.

(8) A person guilty of an offence under this section is liable—

(a)   on conviction on indictment, to a fine;

(b)   on summary conviction in England and Wales, to a fine;

(c)   on summary conviction in Scotland or Northern Ireland, to a fine not exceeding the statutory maximum.

Companies Act 2006 (c. 46)
PART 26A – Arrangements and reconstructions: companies in financial difficulty
Document Generated: 2026-05-03

5

*Changes to legislation: There are currently no known outstanding effects*
*for the Companies Act 2006, PART 26A. (See end of Document for details)*

---

**Modifications etc. (not altering text)**

**C4**   Ss. 901A-901J applied (with modifications) by S.I. 2009/1804, **reg. 45A** (as inserted (26.6.2020) by The Limited Liability Partnerships (Amendment etc.) Regulations 2020 (S.I. 2020/643), reg. 1(1), **Sch. 3 para. 3** (which amending S.I. is revoked (16.2.2021) by S.I. 2021/60, reg. 1(1), **2**))

**C5**   Ss. 901A-901J applied (with modifications) (16.2.2021) by S.I. 2009/1804, **reg. 45A** (as inserted by The Limited Liability Partnerships (Amendment etc.) Regulations 2021 (S.I. 2021/60), reg. 1(1), **Sch. 3 para. 3** (with reg. 4(2)))

**901E    Duty of directors and trustees to provide information**

(1) It is the duty of—

    (a)   any director of the company, and

    (b)   any trustee for its debenture holders,

to give notice to the company of such matters relating to that director or trustee as may be necessary for the purposes of section 901D (explanatory statement to be circulated or made available).

(2) Any person who makes default in complying with this section commits an offence.

(3) A person guilty of an offence under this section is liable on summary conviction to a fine not exceeding level 3 on the standard scale.

---

**Modifications etc. (not altering text)**

**C4**   Ss. 901A-901J applied (with modifications) by S.I. 2009/1804, **reg. 45A** (as inserted (26.6.2020) by The Limited Liability Partnerships (Amendment etc.) Regulations 2020 (S.I. 2020/643), reg. 1(1), **Sch. 3 para. 3** (which amending S.I. is revoked (16.2.2021) by S.I. 2021/60, reg. 1(1), **2**))

**C5**   Ss. 901A-901J applied (with modifications) (16.2.2021) by S.I. 2009/1804, **reg. 45A** (as inserted by The Limited Liability Partnerships (Amendment etc.) Regulations 2021 (S.I. 2021/60), reg. 1(1), **Sch. 3 para. 3** (with reg. 4(2)))

*Court sanction for compromise or arrangement*

**901F    Court sanction for compromise or arrangement**

(1) If a number representing 75% in value of the creditors or class of creditors or members or class of members (as the case may be), present and voting either in person or by proxy at the meeting summoned under section 901C, agree a compromise or arrangement, the court may, on an application under this section, sanction the compromise or arrangement.

(2) Subsection (1) is subject to—

    (a)   section 901G (sanction for compromise or arrangement where one or more classes dissent), and

    (b)   section 901H (moratorium debts, etc).

(3) An application under this section may be made by—

    (a)   the company,

    (b)   any creditor or member of the company,

(c) if the company is being wound up, the liquidator, or

(d) if the company is in administration, the administrator.

(4) Where the court makes an order under this section in relation to a company that is in administration or is being wound up, the court may by the order—

(a) provide for the appointment of the administrator or liquidator to cease to have effect;

(b) stay or sist all proceedings in the administration or the winding up;

(c) impose any requirements with respect to the conduct of the administration or the winding up which the court thinks appropriate for facilitating the compromise or arrangement.

(5) A compromise or arrangement sanctioned by the court is binding—

(a) on all creditors or the class of creditors or on the members or class of members (as the case may be), and

(b) on the company or, in the case of a company in the course of being wound up, the liquidator and contributories of the company.

(6) The court's order has no effect until a copy of it has been—

(a) in the case of an overseas company that is not required to register particulars under section 1046, published in the Gazette, or

(b) in any other case, delivered to the registrar.

**Modifications etc. (not altering text)**

C4 Ss. 901A-901J applied (with modifications) by S.I. 2009/1804, **reg. 45A** (as inserted (26.6.2020) by The Limited Liability Partnerships (Amendment etc.) Regulations 2020 (S.I. 2020/643), reg. 1(1), **Sch. 3 para. 3** (which amending S.I. is revoked (16.2.2021) by S.I. 2021/60, reg. 1(1), **2**))

C5 Ss. 901A-901J applied (with modifications) (16.2.2021) by S.I. 2009/1804, **reg. 45A** (as inserted by The Limited Liability Partnerships (Amendment etc.) Regulations 2021 (S.I. 2021/60), reg. 1(1), **Sch. 3 para. 3** (with reg. 4(2)))

**901G Sanction for compromise or arrangement where one or more classes dissent**

(1) This section applies if the compromise or arrangement is not agreed by a number representing at least 75% in value of a class of creditors or (as the case may be) of members of the company ("the dissenting class"), present and voting either in person or by proxy at the meeting summoned under section 901C.

(2) If conditions A and B are met, the fact that the dissenting class has not agreed the compromise or arrangement does not prevent the court from sanctioning it under section 901F.

(3) Condition A is that the court is satisfied that, if the compromise or arrangement were to be sanctioned under section 901F, none of the members of the dissenting class would be any worse off than they would be in the event of the relevant alternative (see subsection (4)).

(4) For the purposes of this section "the relevant alternative" is whatever the court considers would be most likely to occur in relation to the company if the compromise or arrangement were not sanctioned under section 901F.

*Companies Act 2006 (c. 46)*
*PART 26A – Arrangements and reconstructions: companies in financial difficulty*
*Document Generated: 2026-05-03*

7

***Changes to legislation:*** *There are currently no known outstanding effects*
*for the Companies Act 2006, PART 26A. (See end of Document for details)*

(5) Condition B is that the compromise or arrangement has been agreed by a number representing 75% in value of a class of creditors or (as the case may be) of members, present and voting either in person or by proxy at the meeting summoned under section 901C, who would receive a payment, or have a genuine economic interest in the company, in the event of the relevant alternative.

(6) The Secretary of State may by regulations amend this section for the purpose of—

    (a)    adding to the conditions that must be met for the purposes of this section;

    (b)    removing or varying any of those conditions.

(7) Regulations under subsection (6) are subject to affirmative resolution procedure.

---

**Modifications etc. (not altering text)**

**C4**    Ss. 901A-901J applied (with modifications) by S.I. 2009/1804, **reg. 45A** (as inserted (26.6.2020) by The Limited Liability Partnerships (Amendment etc.) Regulations 2020 (S.I. 2020/643), reg. 1(1), **Sch. 3 para. 3** (which amending S.I. is revoked (16.2.2021) by S.I. 2021/60, reg. 1(1), **2**))

**C5**    Ss. 901A-901J applied (with modifications) (16.2.2021) by S.I. 2009/1804, **reg. 45A** (as inserted by The Limited Liability Partnerships (Amendment etc.) Regulations 2021 (S.I. 2021/60), reg. 1(1), **Sch. 3 para. 3** (with reg. 4(2)))

---

*Special cases*

**901H**    **Moratorium debts, etc**

(1) This section applies where—

    (a)    an application under section 901C(1) in respect of a compromise or arrangement is made before the end of the period of 12 weeks beginning with the day after the end of any moratorium for the company under Part A1 of the Insolvency Act 1986 or Part 1A of the Insolvency (Northern Ireland) Order 1989 (S.I. 1989/2405 (N.I. 19)), and

    (b)    the creditors with whom the compromise or arrangement is proposed include any relevant creditors (see subsection (2)).

(2) In this section "relevant creditor" means—

    (a)    a creditor in respect of a moratorium debt, or

    (b)    a creditor in respect of a priority pre-moratorium debt.

(3) The relevant creditors may not participate in the meeting summoned under section 901C.

(4) For the purposes of section 901D (statement to be circulated or made available)—

    (a)    the requirement in section 901D(1)(a) is to be read as including a requirement to send each relevant creditor a statement complying with section 901D;

    (b)    any reference to creditors entitled to attend the meeting summoned under section 901C includes a reference to relevant creditors.

(5) The court may not sanction the compromise or arrangement under section 901F if it includes provision in respect of any relevant creditor who has not agreed to it.

(6) In this section—

"moratorium debt"—

(a) in the case of a moratorium under Part A1 of the Insolvency Act 1986, has the same meaning as in section 174A of that Act;

(b) in the case of a moratorium under Part 1A of the Insolvency (Northern Ireland) Order 1989, has the same meaning as in Article 148A of that Order;

"priority pre-moratorium debt"—

(a) in the case of a moratorium under Part A1 of the Insolvency Act 1986, has the same meaning as in section 174A of that Act;

(b) in the case of a moratorium under Part 1A of the Insolvency (Northern Ireland) Order 1989, has the same meaning as in Article 148A of that Order.

---

**Modifications etc. (not altering text)**

C4    Ss. 901A-901J applied (with modifications) by S.I. 2009/1804, **reg. 45A** (as inserted (26.6.2020) by The Limited Liability Partnerships (Amendment etc.) Regulations 2020 (S.I. 2020/643), reg. 1(1), **Sch. 3 para. 3** (which amending S.I. is revoked (16.2.2021) by S.I. 2021/60, reg. 1(1), **2**))

C5    Ss. 901A-901J applied (with modifications) (16.2.2021) by S.I. 2009/1804, **reg. 45A** (as inserted by The Limited Liability Partnerships (Amendment etc.) Regulations 2021 (S.I. 2021/60), reg. 1(1), **Sch. 3 para. 3** (with reg. 4(2)))

---

**901I        Pension schemes**

(1) In a case where the company in respect of which a compromise or arrangement is proposed is or has been an employer in respect of an occupational pension scheme that is not a money purchase scheme, any notice or other document required to be sent to a creditor of the company must also be sent to the Pensions Regulator.

(2) In a case where the company in respect of which a compromise or arrangement is proposed is an employer in respect of an eligible scheme, any notice or other document required to be sent to a creditor of the company must also be sent to the Board of the Pension Protection Fund ("the Board").

(3) The Secretary of State may by regulations provide that, in a case where—

(a) the company in respect of which a compromise or arrangement is proposed is an employer in respect of an eligible scheme, and

(b) the trustees or managers of the scheme are a creditor of the company,

the Board may exercise any rights, or any rights of a specified description, that are exercisable under this Part by the trustees or managers as a creditor of the company.

(4) Regulations under this section may provide that the Board may exercise any such rights—

(a) to the exclusion of the trustees or managers of the scheme, or

(b) in addition to the exercise of those rights by the trustees or managers of the scheme.

(5) Regulations under this section—

(a) may specify conditions that must be met before the Board may exercise any such rights;

Companies Act 2006 (c. 46)
PART 26A – Arrangements and reconstructions: companies in financial difficulty
Document Generated: 2026-05-03

9

 (b) may provide for any such rights to be exercisable by the Board for a specified period;

 (c) may make provision in connection with any such rights ceasing to be so exercisable at the end of such a period.

(6) Regulations under this section are subject to affirmative resolution procedure (but see subsection (7)).

(7) During the period of six months beginning with the day on which this section comes into force, regulations under this section are subject to approval after being made (and subsection (6) does not apply).

(8) For the purposes of subsection (7), section 1291 has effect as if any reference in that section to a period of 28 days were to a period of 40 days.

(9) In this section—

  "eligible scheme" means any pension scheme that is an eligible scheme for the purposes of section 126 of the Pensions Act 2004 or Article 110 of the Pensions (Northern Ireland) Order 2005 (S.I. 2005/255 (N.I. 1));

  "employer"—

 (a) in subsection (1), means an employer within the meaning of section 318(1) of the Pensions Act 2004 or Article 2(2) of the Pensions (Northern Ireland) Order 2005;

 (b) in subsections (2) and (3)—

  (i) in the case of a pension scheme that is an eligible scheme for the purposes of section 126 of the Pensions Act 2004, has the same meaning as it has for the purposes of Part 2 of that Act (see section 318(1) and (4) of that Act);

  (ii) in the case of a pension scheme that is an eligible scheme for the purposes of Article 110 of the Pensions (Northern Ireland) Order 2005, has the same meaning as it has for the purposes of Part 3 of that Order (see Article 2(2) and (5) of that Order);

  "money purchase scheme" means a pension scheme that is a money purchase scheme for the purposes of the Pension Schemes Act 1993 (see section 181(1) of that Act) or the Pension Schemes (Northern Ireland) Act 1993 (see section 176(1) of that Act);

  "occupational pension scheme" and "pension scheme" have the meaning given by section 1 of the Pension Schemes Act 1993;

  "specified" means specified in regulations under this section.

---

**Modifications etc. (not altering text)**

 **C4** Ss. 901A-901J applied (with modifications) by S.I. 2009/1804, **reg. 45A** (as inserted (26.6.2020) by The Limited Liability Partnerships (Amendment etc.) Regulations 2020 (S.I. 2020/643), reg. 1(1), **Sch. 3 para. 3** (which amending S.I. is revoked (16.2.2021) by S.I. 2021/60, reg. 1(1), **2**))

 **C5** Ss. 901A-901J applied (with modifications) (16.2.2021) by S.I. 2009/1804, **reg. 45A** (as inserted by The Limited Liability Partnerships (Amendment etc.) Regulations 2021 (S.I. 2021/60), reg. 1(1), **Sch. 3 para. 3** (with reg. 4(2)))

*Changes to legislation: There are currently no known outstanding effects
for the Companies Act 2006, PART 26A. (See end of Document for details)*

*Reconstructions and amalgamations*

**901J      Powers of court to facilitate reconstruction or amalgamation**

(1) This section applies where application is made to the court under section 901F to sanction a compromise or arrangement and it is shown that—

    (a)    the compromise or arrangement is proposed in connection with a scheme for the reconstruction of any company or companies, or the amalgamation of any two or more companies, and

    (b)    under the scheme the whole or any part of the undertaking or the property of any company concerned in the scheme (a "transferor company") is to be transferred to another company ("the transferee company").

(2) The court may, either by the order sanctioning the compromise or arrangement or by a subsequent order, make provision for all or any of the following matters—

    (a)    the transfer to the transferee company of the whole or any part of the undertaking and of the property or liabilities of any transferor company;

    (b)    the allotting or appropriation by the transferee company of any shares, debentures, policies or other like interests in that company which under the compromise or arrangement are to be allotted or appropriated by that company to or for any person;

    (c)    the continuation by or against the transferee company of any legal proceedings pending by or against any transferor company;

    (d)    the dissolution, without winding up, of any transferor company;

    (e)    the provision to be made for any persons who, within such time and in such manner as the court directs, dissent from the compromise or arrangement;

    (f)    such incidental, consequential and supplemental matters as are necessary to secure that the reconstruction or amalgamation is fully and effectively carried out.

(3) If an order under this section provides for the transfer of property or liabilities—

    (a)    the property is by virtue of the order transferred to, and vests in, the transferee company, and

    (b)    the liabilities are, by virtue of the order, transferred to and become liabilities of that company.

(4) The property (if the order so directs) vests freed from any charge that is by virtue of the compromise or arrangement to cease to have effect.

(5) In this section—

        "property" includes property, rights and powers of every description; and
        "liabilities" includes duties.

(6) Every company in relation to which an order is made under this section must cause a copy of the order to be delivered to the registrar within seven days after its making.

(7) If default is made in complying with subsection (6) an offence is committed by—

    (a)    the company, and

    (b)    every officer of the company who is in default.

(8) A person guilty of an offence under subsection (7) is liable on summary conviction to a fine not exceeding level 3 on the standard scale and, for continued contravention, a daily default fine not exceeding one-tenth of level 3 on the standard scale.

Companies Act 2006 (c. 46)
PART 26A – Arrangements and reconstructions: companies in financial difficulty
Document Generated: 2026-05-03

11

*Changes to legislation: There are currently no known outstanding effects*
*for the Companies Act 2006, PART 26A. (See end of Document for details)*

---

**Modifications etc. (not altering text)**

C4  Ss. 901A-901J applied (with modifications) by S.I. 2009/1804, **reg. 45A** (as inserted (26.6.2020) by The Limited Liability Partnerships (Amendment etc.) Regulations 2020 (S.I. 2020/643), reg. 1(1), **Sch. 3 para. 3** (which amending S.I. is revoked (16.2.2021) by S.I. 2021/60, reg. 1(1), **2**))

C5  Ss. 901A-901J applied (with modifications) (16.2.2021) by S.I. 2009/1804, **reg. 45A** (as inserted by The Limited Liability Partnerships (Amendment etc.) Regulations 2021 (S.I. 2021/60), reg. 1(1), **Sch. 3 para. 3** (with reg. 4(2)))

*Obligations of company with respect to articles etc*

**901K    Obligations of company with respect to articles etc**

(1) This section applies—
   (a)   to any order under section 901F (order sanctioning compromise or arrangement), and
   (b)   to any order under section 901J (order facilitating reconstruction or amalgamation) that alters the company's constitution.

(2) If—
   (a)   the order amends—
        (i) the company's articles, or
        (ii) any resolution or agreement to which Chapter 3 of Part 3 applies (resolution or agreement affecting a company's constitution), and
   (b)   a copy of the order is required to be delivered to the registrar by the company under section 901F(6)(b) or section 901J(6),

   the copy of the order delivered to the registrar must be accompanied by a copy of the company's articles, or the resolution or agreement in question, as amended.

(3) Every copy of the company's articles issued by the company after the order is made must be accompanied by a copy of the order, unless the effect of the order has been incorporated into the articles by amendment.

(4) In this section—
   (a)   references to the effect of the order include the effect of the compromise or arrangement to which the order relates, and
   (b)   in the case of a company not having articles, references to its articles are to be read as references to the instrument constituting the company or defining its constitution.

(5) If a company makes default in complying with this section an offence is committed by—
   (a)   the company, and
   (b)   every officer of the company who is in default.

(6) A person guilty of an offence under this section is liable on summary conviction to a fine not exceeding level 3 on the standard scale.

***Changes to legislation:*** *There are currently no known outstanding effects for the Companies Act 2006, PART 26A. (See end of Document for details)*

*Power to amend Act*

**901L    Power to amend Act**

(1) The Secretary of State may by regulations make any amendment of this Act which the Secretary of State considers necessary or expedient for the purposes of, in consequence of, or for giving full effect to this Part.

(2) Regulations under this section are subject to affirmative resolution procedure.]

*Companies Act 2006 (c. 46)*
*Document Generated: 2026-05-03*

13

---

**Changes to legislation:**
There are currently no known outstanding effects for the Companies Act 2006, PART 26A.