# EXHIBIT C

## Part 8 Claim Forms and Listing Notes



# Claim Form
# (CPR Part 8)

In the High Court, Business and Property Courts of England and Wales, Companies List (ChD)

| | |
|---|---|
| **Claim no.** | |
| **Fee Account no.** | |
| **Help with Fees - Ref no.** (if applicable) | H W F ‑ ☐☐☐ ‑ ☐☐☐ |



24 Mar 2026

CR-2026-002385

## Claimant

NFE Global Holdings Limited, a company incorporated under the laws of England and Wales (company registration number 13679588) whose registered office is at Suite 1, 7th Floor 50 Broadway, London, SW1H 0BL, United Kingdom.

SEAL

## Defendant(s)

Not applicable

Does your claim include any issues under the Human Rights Act 1998?    ☐ Yes    ☑ No

## Details of claim (see also overleaf)

The above Claimant seeks the following Orders from the Court:

(1) that the Claimant shall have permission to convene certain meetings (the "Plan Meetings") of the Plan Creditors (as defined in the restructuring plan mentioned hereinafter), for the purpose of considering and if thought fit approving (with or without modification) a restructuing plan pursuant to Part 26A of the Companies Act 2006 (the "Restructuring Plan");

(2) that directions may be given by the Court as to the method of convening the Plan Meetings;

(3) that such suitable person as may be appointed by the Court be appointed to act as chairperson of the Plan Meetings and to file a report with the Court on behalf of the Claimant regarding the results of the Plan Meetings.

Continued overleaf.

| Defendant's name and address | Not applicable | | £ |
|---|---|---|---|
| | | **Court fee** | 318 |
| | | **Legal representative's costs** | |
| | | **Issue date** | |

For further details of the courts www.gov.uk/find-court-tribunal.

When corresponding with the Court, please address forms or letters to the Manager and always quote the claim number.

**N208** Claim form (CPR Part 8) (10.20)    © Crown copyright 2020

**Claim no.**

## Details of claim (continued)

AND the Claimant seeks the following further relief conditional upon the Plan Creditors having approved the Restructuring Plan at the Plan Meetings convened in accordance with paragraphs 1-3 above:

(4) that an Order be made sanctioning the Restructuring Plan at a further hearing for that purpose; and

(5) that such other Orders or relief be made or granted as the Court shall see fit.

Part 8 of the Civil Procedure Rules 1998 applies to this Claim which is made pursuant to CPR Part 49 and Practice Direction 49A.

A practice statement letter will be filed as soon as practicable pursuant to paragraph 8 of the Practice Statement (Companies: Schemes of Arrangement and Restructuring Plans under Part 26 and 26A of the Companies Act 2006) dated 18 September 2025 (the "PS 2025").

A listing note has also been filed with this Claim Form pursuant to paragraphs 5 and 7 of the PS 2025.

The Claimant is an indirect wholly-owned subsidiary of New Fortress Energy Inc., a Delaware corporation. The restructuring plan that the Claimant wishes to propose is intended to be pursued in parallel to, and to be inter-conditional with, another restructuring plan to be proposed by another company in the New Fortress Energy Inc. group (the "NFE Brazil Newco").

The Claimant understands that following the filing of this claim form and its listing note, NFE Brazil Newco will make its own application to the Court in connection with the second plan.

Following NFE Brazil Newco's application to the Court, the Claimant and NFE Brazil Newco jointly intend to seek the approval of the Court for the two applications to be heard together on the same date.

Skadden, Arps, Slate, Meagher & Flom (UK) LLP
FAO: Nicole Stephansen and Edward Taylor
22 Bishopsgate
London
EC2N 4BQ

Claimant's or claimant's legal representative's address to which documents should be sent if different from overleaf. If you are prepared to accept service by DX, fax or e-mail, please add details.

## Statement of Truth

I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

☐ **I believe** that the facts stated in these particulars of claim are true.

☑ **The Claimant believes** that the facts stated in these particulars of claim are true. **I am authorised** by the claimant to sign this statement.

**Signature**

☐ Claimant

☐ Litigation friend (where claimant is a child or a Protected Party)

☑ Claimant's legal representative (as defined by CPR 2.3(1))

**Date**

| Day | Month | Year |
|-----|-------|------|
| 24  | 03    | 2026 |

Full name

Nicole Stephansen

Name of claimant's legal representative's firm

Skadden, Arps, Slate, Meagher & Flom (UK) LLP

If signing on behalf of firm or company give position or office held

Partner

Find out how HM Courts and Tribunals Service uses personal information you give them when you fill in a form: https://www.gov.uk/government/organisations/hm-courts-and-tribunals-service/about/personal-information-charter



# Claim Form (CPR Part 8)

| | |
|---|---|
| **In the** High Court, Business and Property Courts of England and Wales, Companies List (ChD) | |
| **Claim no.** | |
| **Fee Account no.** | |
| **Help with Fees - Ref no.** (if applicable) | **H W F** ▭ ▭▭▭ ▭ ▭▭▭ |

## Claimant

NFE Brazil Newco Limited, a company incorporated under the laws of England and Wales (company registration number 17141053) whose registered office is at Suite 1, 7th Floor, 50 Broadway, London, SW1H 0DB, United Kingdom.

SEAL

## Defendant(s)

Not applicable

Does your claim include any issues under the Human Rights Act 1998? ☐ Yes ☑ No

## Details of claim (see also overleaf)

The above Claimant seeks the following Orders from the Court:

(1) that the Claimant shall have permission to convene a meeting (the "Plan Meeting") of the Plan Creditors (as defined in the restructuring plan mentioned hereinafter), for the purpose of considering and if thought fit approving (with or without modification) a restructuring plan pursuant to Part 26A of the Companies Act 2006 (the "Restructuring Plan");

(2) that directions may be given by the Court as to the method of convening the Plan Meeting;

(3) that such suitable person as may be appointed by the Court be appointed to act as chairperson of the Plan Meeting and to file a report with the Court on behalf of the Claimant regarding the results of the Plan Meeting.

Continued overleaf.

| Defendant's name and address | Not applicable | | £ |
|---|---|---|---|
| | | Court fee | 318 |
| | | Legal representative's costs | |
| | | Issue date | |

For further details of the courts www.gov.uk/find-court-tribunal.
When corresponding with the Court, please address forms or letters to the Manager and always quote the claim number.

 © Crown copyright 2020

| Claim no. | |
|---|---|

## Details of claim (continued)

AND the Claimant seeks the following further relief conditional upon the Plan Creditors having approved the Restructuring Plan at the Plan Meeting convened in accordance with paragraphs 1-3 above:

(4) that an Order be made sanctioning the Restructuring Plan at a further hearing for that purpose; and

(5) that such other Orders or relief be made or granted as the Court shall see fit.

Part 8 of the Civil Procedure Rules 1998 applies to this Claim which is made pursuant to CPR Part 49 and Practice Direction 49A.

A practice statement letter will be filed as soon as practicable pursuant to paragraph 8 of the Practice Statement (Companies: Schemes of Arrangement and Restructuring Plans under Part 26 and 26A of the Companies Act 2006) dated 18 September 2025 (the "PS 2025").

A listing note has also been filed with this Claim Form pursuant to paragraphs 5 and 7 of the PS 2025.

The Claimant is an indirect wholly-owned subsidiary of New Fortress Energy Inc., a Delaware corporation. The restructuring plan that the Claimant wishes to propose is intended to be pursued in parallel to, and to be inter-conditional with, another restructuring plan proposed by another company in the New Fortress Energy Inc. group, NFE Global Holdings Limited ("NFE Global").

The Claimant understands that on 24 March 2026, NFE Global made its own application to the Court in connection with this parallel plan (Claim n. CR-2026-002385).

Following this application to the Court, the Claimant and NFE Global jointly intend to seek the approval of the Court for the two applications to be heard together on the same date.

---

Skadden, Arps, Slate, Meagher & Flom (UK) LLP
FAO: Nicole Stephansen and Edward Taylor
22 Bishopsgate
London
EC2N 4BQ

Claimant's or claimant's legal representative's address to which documents should be sent if different from overleaf. If you are prepared to accept service by DX, fax or e-mail, please add details.

# Statement of Truth

I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

☐ **I believe** that the facts stated in these particulars of claim are true.

☑ **The Claimant believes** that the facts stated in these particulars of claim are true. **I am authorised** by the claimant to sign this statement.

**Signature**

☐ Claimant

☐ Litigation friend (where claimant is a child or a Protected Party)

☑ Claimant's legal representative (as defined by CPR 2.3(1))

**Date**

| Day | Month | Year |
|-----|-------|------|
| 10  | 04    | 2026 |

Full name

Nicole Stephansen

Name of claimant's legal representative's firm

Skadden, Arps, Slate, Meagher & Flom (UK) LLP

If signing on behalf of firm or company give position or office held

Partner

Find out how HM Courts and Tribunals Service uses personal information you give them when you fill in a form: https://www.gov.uk/government/organisations/hm-courts-and-tribunals-service/about/personal-information-charter

**IN THE HIGH COURT OF JUSTICE**                    **Claim No.: CR-2026-**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**INSOLVENCY AND COMPANIES LIST (ChD)**

**IN THE MATTER OF NFE GLOBAL HOLDINGS LIMITED**

**AND IN THE MATTER OF THE COMPANIES ACT 2006**

---

**LISTING NOTE**

---

1.  This listing note is filed on behalf of NFE Global Holdings Limited (the "**Plan Company**") pursuant to paragraphs 5 to 7 of the Practice Statement (*Companies: Schemes of Arrangement and Restructuring Plans under Part 26 and 26A of the Companies Act 2006*) dated 18 September 2025 ("**PS 2025**"). It accompanies the Plan Company's Part 8 claim form dated 24 March 2026 seeking an order pursuant to section 901C(1) of the Companies Act 2006 granting, among other things, permission to convene meetings of certain creditors for the purposes of considering and, if thought fit, approving a restructuring plan and, following the approval of such restructuring plan at the meeting of certain creditors, an order, pursuant to section 901(F) of the Companies Act 2006, to sanction such restructuring plan and grant such other relief as the Court sees fit.

    **A.**     **Notice of a further application**

2.  The Plan Company is an indirect wholly-owned subsidiary of New Fortress Energy Inc. ("**NFE Inc.**"), a Delaware corporation. The restructuring plan that the Plan Company wishes to propose is intended to be pursued in parallel to, and to be inter-conditional with, another separate restructuring plan to be proposed by another English company in the NFE Inc. group (the "**NFE Brazil Newco**"), to be incorporated once the requisite consents are obtained through a consent solicitation process directed at holders of the 12.000% senior secured notes due 2029 issued by NFE Financing LLC, a subsidiary of NFE Inc., ("**New 2029 Notes**") which was launched on 17 March 2026. Together, these plans are referred to as the "**Restructuring Plans**".

3.  The Plan Company understands that following the filing of its claim form and this listing note, and once it has been duly incorporated and acceded as guarantor of the 2029 New Notes, NFE Brazil Newco will make its own application to the Court in connection with

its proposed restructuring plan by filing a Part 8 claim form and appropriate listing note as required by PS 2025.

4. Following NFE Brazil Newco's application to the Court, the Plan Company and NFE Brazil Newco jointly intend to seek the approval of the Court for the two applications to be heard together on the same date. The time estimates as set out below have been made in light of this.

**B.    Time estimates**

5. Following an extensive period of engagement, outreach and negotiation with its key creditor groups, the Plan Company has entered into a restructuring support agreement ("**RSA**") with certain majorities of its creditors, which sets out the principal terms agreed between the Plan Company, the NFE Inc. group and the supporting creditors ("**Supporting Creditors**") in relation to a comprehensive restructuring of the principal funded debt obligations of the Plan Company and the NFE Inc. group, which will be implemented through the Restructuring Plans.

6. Pursuant to the RSA, the Plan Company has secured binding commitments from the Supporting Creditors to vote in favor of the Restructuring Plans.  All creditors have been invited to participate in the RSA and those that sign up by a deadline (31 March 2026) will receive an early consent fee. The Plan Company already has significant support for the RSA from key creditor groups and expects that high levels of support from other creditors / groups will be obtained by the early consent deadline, but will not have certainty until that deadline has passed. Throughout this process, no creditor has indicated that it intends to appear to oppose either the making of a meetings order or the subsequent sanctioning of the Restructuring Plans, and the Plan Company does not anticipate that any matters will arise that would give rise to contested issues. In those circumstances, the Plan Company's time estimates for the convening and sanction hearings are as follows:

|  | Pre-reading | Hearing |
| --- | --- | --- |
| **Convening hearing** | Half to one day | Half to one day |
| **Sanction hearing** | One day | Half to one day |

7. In the event that one or more creditors opposes the sanctioning of the restructuring plan at a sanction hearing, the Plan Company considers that (subject to the nature of such opposition) it is likely that a two-day hearing will be required.

8. In light of the extensive process undertaken to negotiate the restructuring contemplated by the Restructuring Plans, and given that the Plan Company is not currently aware of any creditor intending to oppose the convening order or sanction of the Restructuring Plans, the Plan Company does not presently consider an appeal to be likely. Nevertheless, the Plan Company will seek to keep the Court updated of any challenges by way of supplemental listing notes so that the Court may allocate appropriate time and resources accordingly and as required by PS 2025.

2

### C.    Indicative timetable

9.    The Plan Company proposes the following by way of an indicative timetable:

| Step | Description | Date |
|---|---|---|
| 1. | Plan Company to file:<br><br>• applicant's evidence (PS 2025, para. 17); and<br>• final form of the proposed explanatory statement (including any annexures) (PS 2025, para. 18). | The date 14 days prior to the convening hearing, expected to be 27 April 2026 |
| 2. | Any objecting party to identify the nature of their objection (PS 2025, para. 20) | The date that is 7 days prior to the convening hearing, expected to be 4 May 2026 |
| 3. | Plan Company to file convening hearing bundles (PS 2025, para. 21) | The date that is 5 days prior to the convening hearing, expected to be 6 May 2026 |
| 4. | Convening hearing | First available date from 11 May 2026 |
| 5. | Creditor meetings | From 1 June 2026 |
| 6. | Sanction hearing | First available date from 14 June 2026 |

10.    As to the Plan Company's financial position, the total amount currently owed to creditors which would be subject to the Plan Company's restructuring plan is approximately $6 billion. There are events of default that have occurred and are continuing, or are due to occur, under each of the Plan Company's debt instruments and the RSA represents an important step to stabilising the group while the restructuring is implemented as it includes forbearance commitments from Supporting Creditors with respect to these events of default.  The Plan Company expects that if the Restructuring Plans are completed within the proposed timetable and together with the RSA forbearances and other steps taken by the group, the NFE Inc. group should most likely not require additional financing during the restructuring process. However, the NFE Inc. group only has sufficient liquidity to continue to operate as a result of the forbearances granted by its financial creditors under the RSA, which are conditional and time-limited.

11.    The proposed indicative timetable reflects, therefore, the restructuring milestones set out in the RSA that have been agreed with Supporting Creditors, which are geared towards completing the restructuring as soon as reasonably possible, and, among other things, reflects the requirement that the Restructuring Plans are implemented prior to 15 September 2026, which is the long-stop date specified in the RSA. Failure to complete the restructuring by that date or failure to meet a restructuring milestone would give rise to

termination rights under the RSA in favor of the consenting creditors, which could materially prejudice the implementation of the proposed restructuring and precipitate an insolvency filing.

12.   The proposed restructuring reflects a transaction that has been developed after many months of negotiations, and the Plan Company considers that it constitutes the most efficient and value-maximizing means by which the NFE Inc. group's financial difficulties can be addressed. If the Restructuring Plans are not implemented and the RSA terminates, the Plan Company considers that a U.S. Chapter 11 filing would be the likely outcome. Such an outcome would be expected to result in significant adverse consequences for its business, operations and stakeholders.

Respectfully submitted on behalf of NFE Global Holdings Limited

24 March 2026

*Skadden, Arps, Slate, Meaghn & Flom (UK) LLP*

**Skadden, Arps, Slate, Meagher & Flom (UK) LLP**

Legal Advisors to NFE Global Holdings Limited

4

**IN THE HIGH COURT OF JUSTICE**                    **Claim No.: CR-2026-**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**INSOLVENCY AND COMPANIES LIST (ChD)**

**IN THE MATTER OF NFE BRAZIL NEWCO LIMITED**

**AND IN THE MATTER OF THE COMPANIES ACT 2006**

---

**LISTING NOTE**

---

1.    This listing note is filed on behalf of NFE Brazil Newco Limited (the "**Plan Company**") pursuant to paragraphs 5 to 7 of the Practice Statement (*Companies: Schemes of Arrangement and Restructuring Plans under Part 26 and 26A of the Companies Act 2006*) dated 18 September 2025 ("**PS 2025**"). It accompanies the Plan Company's Part 8 claim form dated 10 April 2026 seeking an order pursuant to section 901C(1) of the Companies Act 2006 granting, among other things, permission to convene a meeting of creditors for the purposes of considering and, if thought fit, approving a restructuring plan and, following the approval of such restructuring plan at the meeting of certain creditors, an order, pursuant to section 901F of the Companies Act 2006, to sanction such restructuring plan and grant such other relief as the Court sees fit.

   **A.    Notice of related application**

2.    The Plan Company is an indirect wholly-owned subsidiary of New Fortress Energy Inc. ("**NFE Inc.**"), a Delaware corporation. The restructuring plan that the Plan Company wishes to propose is intended to be pursued in parallel to, and to be inter-conditional with, another separate restructuring plan proposed by another English company in the NFE Inc. group, NFE Global Holdings Limited ("**NFE Global**"), which filed a Part 8 claim form, together with a listing note as required by PS 2025, in respect of its proposed restructuring plan on 24 March 2026 (claim no. CR-2026-002385). Together, these plans are referred to as the "**Restructuring Plans**".

3.    The Plan Company and NFE Global jointly intend to seek the approval of the Court for the two applications to be heard together on the same date. The time estimates as set out below have been made in light of this.

**B.**    **Time estimates**

4.    On 9 April 2026, the Plan Company acceded to a restructuring support agreement originally dated 17 March 2026 ("**RSA**") with, among others, over 75% of the Plan Company's creditors by value, being holders of the 12.000% senior secured notes due 2029 issued pursuant to that certain indenture dated 22 November 2024, by and among NFE Financing LLC, as issuer, the guarantors from time to time party thereto and Wilmington Savings Fund Society, FSB, as trustee and collateral agent (as amended, supplemented or otherwise modified from time to time) (the "**BrazilCo Plan Creditors**"). The RSA sets out the principal terms agreed between the Plan Company, the NFE Inc. group (including NFE Global) and the supporting creditors ("**Supporting Creditors**") in relation to a comprehensive restructuring of the principal funded debt obligations of the Plan Company, NFE Global and the NFE Inc. group, which will be implemented through the Restructuring Plans.

5.    Pursuant to the RSA, the Plan Company has the benefit of binding commitments from the Supporting Creditors, including the supporting BrazilCo Plan Creditors, to vote in favour of the Restructuring Plans. The BrazilCo Plan Creditors were, and remain, invited to participate in the RSA and those that signed up by the early consent deadline were entitled to an early consent fee. The early consent deadline was originally 31 March 2026 and was extended to 8 April 2026 to ensure that all creditors intending to accede to the RSA had sufficient time to submit directions via their custodians. Following the expiry of the original early consent deadline, the Plan Company and NFE Global had already obtained high levels of support from creditor groups across the Restructuring Plans. No creditor has indicated that it intends to appear to oppose either the making of a meetings order or the subsequent sanctioning of the Restructuring Plans, and the Plan Company does not anticipate that any matters will arise that would give rise to contested issues. In those circumstances, the Plan Company's time estimates for the convening and sanction hearings are as follows:

|  | **Pre-reading** | **Hearing** |
|---|---|---|
| **Convening hearing** | Half to one day | Half to one day |
| **Sanction hearing** | One day | Half to one day |

6.    In the event that one or more creditors opposes the sanctioning of the restructuring plan at a sanction hearing, the Plan Company considers that (subject to the nature of such opposition) it is likely that a two-day hearing will be required.

7.    In light of the extensive process undertaken to negotiate the restructuring contemplated by the Restructuring Plans, and given that the Plan Company is not currently aware of any creditor intending to oppose the convening order or sanction of the Restructuring Plans, the Plan Company does not presently consider an appeal to be likely. Nevertheless, the Plan Company will seek to keep the Court updated of any challenges by way of supplemental listing notes so that the Court may allocate appropriate time and resources accordingly and as required by PS 2025.

**C.**    **Indicative timetable**

2

8.     The Plan Company proposes the following by way of an indicative timetable:

| Step | Description | Date |
|---|---|---|
| 1. | Plan Company to file:<br><br>• applicant's evidence (PS 2025, para. 17); and<br>• final form of the proposed explanatory statement (including any annexures) (PS 2025, para. 18). | The date 14 days prior to the convening hearing, expected to be 27 April 2026 |
| 2. | Any objecting party to identify the nature of their objection (PS 2025, para. 20) | The date that is 7 days prior to the convening hearing, expected to be 4 May 2026 |
| 3. | Plan Company to file convening hearing bundles (PS 2025, para. 21) | The date that is 5 days prior to the convening hearing, expected to be 6 May 2026 |
| 4. | Convening hearing | 11 May 2026 |
| 5. | Creditor meetings | From 1 June 2026 |
| 6. | Sanction hearing | 18 June 2026 |

9.     As to the Plan Company's financial position, the total amount currently owed to creditors which would be subject to the Plan Company's restructuring plan is approximately $3.3 billion. There are events of default that have occurred and are continuing, or are due to occur, under the debt instruments of both the Plan Company and NFE Global and the RSA represents an important step to stabilising the group while the restructuring is implemented as it includes forbearance commitments from Supporting Creditors with respect to these events of default. However, the NFE Inc. group only has sufficient liquidity to continue to operate as a result of the forbearances granted by its financial creditors under the RSA, which are conditional and time-limited. It is anticipated that the Brazil business (of which the Plan Company is a subsidiary) will need additional liquidity to bridge to the end of the restructuring process. However, the Brazil business is in negotiations with a view to reaching an agreement on interim funding, which is expected to be reached ahead of the convening hearing. The terms of any such financing will be disclosed to all BrazilCo Plan Creditors and the Court.

10.     The proposed indicative timetable reflects, therefore, the restructuring milestones set out in the RSA that have been agreed with Supporting Creditors, which are geared towards completing the restructuring as soon as reasonably possible, and, among other things, reflects the requirement that the Restructuring Plans are implemented prior to 15 September 2026, which is the long-stop date specified in the RSA. Failure to complete the restructuring by that date or failure to meet a restructuring milestone would give rise to

termination rights under the RSA in favor of the consenting creditors, which could materially prejudice the implementation of the proposed restructuring and precipitate an insolvency filing.

11.   The proposed restructuring reflects a transaction that has been developed after many months of negotiations, and the Plan Company considers that it constitutes the most efficient and value-maximizing means by which the NFE Inc. group's financial difficulties can be addressed. If the Restructuring Plans are not implemented and the RSA terminates, the Plan Company considers that any alternative outcome, including a Chapter 11 filing, alternative insolvency process, or an enforcement and sale, would be expected to result in significant adverse consequences for its business, operations and stakeholders.

Respectfully submitted on behalf of NFE Brazil Newco Limited

10 April 2026

*Skadden, Arps, Slate, Meagher & Flom (UK) LLP*

**Skadden, Arps, Slate, Meagher & Flom (UK) LLP**

Legal Advisors to NFE Brazil Newco Limited

4