**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 15** |
| **NFE Global Holdings Limited,** *et al.*, | **Case No. 26-11268 (MG)** |
| **Debtors in a Foreign Proceeding.**[1] | **(Jointly Administered)** |

### ORDER GRANTING (I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

Upon the Verified Petition[2] of the Foreign Representative of the above-captioned foreign Debtors (the "**Debtors**") for entry of an order (this "**Order**"), among other things, (i) recognizing the English Proceedings as "foreign main proceedings" or, in the alternative, as "foreign nonmain proceedings," under chapter 15 of the Bankruptcy Code; (ii) recognizing the Foreign Representative as a duly appointed "foreign representative," as defined in section 101(24) of the Bankruptcy Code; (iii) finding that the Verified Petition meets the requirements of section 1515 of the Bankruptcy Code; (iv) granting full force and effect and comity to the Sanction Order and the Restructuring Plans (including the Plan Releases); and (v) granting such other and further relief as this Court deems just and proper; and upon this Court's review and consideration of the Verified Petition, the Boas Declaration, and the Stephansen Declaration; and upon the hearing (the "**Hearing**") to consider the Verified Petition and the record of these Chapter 15 Cases; and this Court having jurisdiction to consider the Verified Petition and the

---

[1] The Debtors and the last four digits of their respective foreign identification numbers are NFE Global Holdings Limited (9588) and NFE Brazil Newco Limited (1053). The address of NFE Global Holdings Limited's registered office is Suite 1, 7th Floor, 50 Broadway, London SW1H 0BL, United Kingdom, and the address of NFE Brazil Newco Limited's registered office is Suite 1, 7th Floor, 50 Broadway, London SW1H 0DB, United Kingdom.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Verified Petition and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the Verified Petition having been provided; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and it appearing that the relief sought in the Verified Petition is necessary and beneficial to the Debtors, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

## THE COURT HEREBY FINDS AND CONCLUDES THAT:

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      The Debtors have property and property rights in the United States, and therefore, the Debtors are eligible to be debtors in a chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code.

C.      These Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

D.      The Verified Petition meets the requirements of Bankruptcy Code section 1515 and Bankruptcy Rules 1007(a)(4) and 2002.

E.     The English Proceedings are "foreign proceedings" within the meaning of section 101(23) of the Bankruptcy Code.

F.     The English Proceedings are pending in England, which is where the Debtors' COMI is located, and, as such, the English Proceedings are entitled to recognition as "foreign main proceedings" pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

G.     The Foreign Representative is a "person" under section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of the Debtors as such term is defined in section 101(24) of the Bankruptcy Code.

H.     The Foreign Representative is entitled to relief available pursuant to sections 1507, 1520, and 1521 of the Bankruptcy Code to the extent set forth in this Order.

I.     The standards for injunctive relief have been satisfied pursuant to section 1521(e) of the Bankruptcy Code.

J.     The Restructuring Plans are not contrary to the public policy of the United States.

K.     Each Plan Debt credit agreement or indenture, as applicable, is governed by New York law.  The Restructuring Plans modify, discharge, and otherwise fully release all claims, under such Plan Debt, other than claims for criminal acts, fraud, gross negligence, and willful misconduct, and provide for the issuance of (i) new debt and guarantees governed by New York law, and (ii) preferred and common equity.  These Plan Releases are an integral part of the implementation of the Restructuring Plans and are necessary to give commercial effect to the Restructuring.

L.     The relief granted hereby under Bankruptcy Code sections 105, 1507, 1515, 1517, 1520, and 1521 is necessary, beneficial to the Debtors, and appropriate to effectuate the purposes of chapter 15 and to protect the Debtors, their assets, and the interests of their creditors and other

parties-in-interest, and is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Verified Petition and relief requested therein is GRANTED as set forth herein.

2.      The English Proceedings are granted recognition as foreign proceedings as defined in Bankruptcy Code section 101(23) and pursuant to Bankruptcy Code section 1517.

3.      The English Proceedings are collective, court-supervised proceedings governed in accordance with Part 26A of the Companies Act, and are granted recognition as foreign main proceedings pursuant to Bankruptcy Code section 1517(b)(1).

4.      All provisions of Bankruptcy Code section 1520 apply in the Chapter 15 Cases, including application of the stay under Bankruptcy Code section 362, except for those powers set forth in section 1520(a)(3), which shall remain with the Debtors.

5.      Upon entry of this Order, the English Proceedings and all prior orders of the English Court, including the Sanction Order, shall be and hereby are granted comity and given full force and effect in the United States, and all entities (as that term is defined in Bankruptcy Code section 101(15)) are hereby enjoined from:

(a)      execution against any of the Debtors' assets;

(b)      the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtors in the United States;

(c)      taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of their property;

(d)      transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code);

(e)     commencing or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities to the extent they have not been stayed pursuant to section 1520(a) of the Bankruptcy Code;

(f)     terminating contracts or otherwise accelerating obligations thereunder; and

(g)     pursuant to sections 1521(a) and 1521(e) of the Bankruptcy Code, and except as otherwise permitted or contemplated by the Restructuring Plans or this Order, taking any action in the United States inconsistent with the English Proceedings and orders entered therein (including the Sanction Order), and the Restructuring Plans (including the Plan Releases), or interfering with or impeding the administration, enforcement, and implementation of the Restructuring Plans.

*provided*, that, in each case, such injunction shall be effective solely within the territorial jurisdiction of the United States.

6.      The Restructuring Plans are recognized, enforced, and given full force and effect within the territorial jurisdiction of the United States in accordance with their terms (including, for the avoidance of doubt, the Plan Releases contained therein).  Such recognition shall extend to, without limitation, the waiver, release, and discharge of any and all rights or claims against the parties released under and in accordance with the terms of the Restructuring Plans and the Sanction Order, to the maximum extent enforceable under English law and New York law, including the release and discharge of each Plan Creditor's rights and/or claims arising under or related to the Plan Debt or otherwise released pursuant to the Plan Releases.  For the avoidance of doubt, (i) the holders of such claims shall be precluded from asserting such claims and (ii) all Plan Debt governed by New York law shall be discharged and released as a matter of federal and New York law.

7.      Claims (if any) under the 8.75% Series A Cumulative Redeemable Preferred Units (the "**GLP Preferred Units**") issued by Golar LNG Partners LP ("**GLP**") are not Plan Debt and holders of GLP Preferred Units are not Plan Creditors.  No obligations owed to GLP (if any) are compromised by the Restructuring Plans and any claims and rights of the holders of

GLP Preferred Units and/or GLP are not released or otherwise adversely affected by the Restructuring Plans, the Sanction Order, or this Order.

8.    The Foreign Representative is the duly appointed and authorized representative of the English Proceedings within the meaning of Bankruptcy Code section 101(24), and is authorized to act on behalf of the Debtors in the Chapter 15 Cases.

9.    The Foreign Representative and the Debtors shall be entitled to the full protections and rights enumerated under section 1521(a)(4) and (5) of the Bankruptcy Code and, accordingly, the Foreign Representative:

(a)    is entrusted with the administration or realization of all or part of the Debtors' assets located in the United States; and

(b)    has the right and power to examine witnesses, take evidence, or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

10.    The Foreign Representative is hereby established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States.

11.    The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or the Local Bankruptcy Rules or orders of this Court.

12.    The Foreign Representative shall have access to additional relief available under sections 1507 and 1521 of the Bankruptcy Code, including as necessary or appropriate to give effect to and implement the Sanction Order and the Restructuring Plans and to consummate the transactions contemplated thereunder.

13.    The Foreign Representative is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the English Proceedings, this Order, the Chapter 15 Cases, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under Bankruptcy Code sections 306 and 1510.

15. All lenders, agents, and trustees under the Debtors' funded debt are authorized and directed to execute all documentation necessary to give effect to, implement, and consummate the Restructuring and all transactions related thereto.

16. This order is without prejudice to the Foreign Representative's ability to request any additional relief in the Chapter 15 Cases, including seeking recognition and enforcement in the United States of any further orders issued by the English Court, as such order may be amended or supplemented from time to time.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, amendment, modification, or enforcement of this Order, including enforcement of the Plan Releases against the Released Parties, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

19.     This Order applies to all parties in interest in these Chapter 15 Cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

20.     Notwithstanding anything to the contrary herein, nothing in this Order shall limit any parties' rights under the RSA nor prohibit any actions authorized by the RSA.

21.     As the Court explained at the recognition hearing on June 26, 2026, the Court intends to issue an opinion explaining the basis for its ruling set forth in this Order.

Dated: June 29, 2026
       New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge
